UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                          Plaintiff,

v.                                                                       Criminal Action No. 3:22-cr-144-DJH

GARY W. KOCH,                                                                                      Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on May 25, 2023, with the following counsel participating:

| | |
|---|---|
| For the United States: | Amanda E. Gregory |
| | Jolee Porter |
| For Defendant: | Nicholas D. Mudd |

The Court and counsel discussed the procedural posture of the case. Defense counsel reported that the defendant completed his mental health evaluation, and that the medical evaluator would complete the competency report by June 5, 2023. (*See* Docket No. 25) Defense counsel further reported that the medical evaluator indicated that "she does believe Mr. Koch is competent to stand trial." (*Id.*) All counsel agreed that this matter would be resolved via plea agreement. Based on the discussion during the conference, and by agreement of the parties, it is hereby

**ORDERED** as follows:

(1) The competency hearing of this matter, currently set for June 5, 2023, is **REMANDED** from the Court's docket.

(2) This matter is **SET** for a change-of-plea hearing on **June 8, 2023, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky.

(3) Pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from May 25, 2023, to June 8, 2023, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the defendant would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

May 25, 2023

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg