IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 3:22-CR-144-DJH |
| | ) | |
| GARY W. KOCH | ) | |

## **SENTENCING MEMORANDUM**

*ELECTRONICALLY FILED*

The United States of America, by counsel, files its memorandum in support of sentencing in this action, currently scheduled for September 14, 2023. The United States does not plan to present any witnesses at the hearing.

The United States takes the position that a fine of $4,000 and a sentence at the low end of the total Guidelines range is appropriate. The United States defers to the Court as to whether the sentence should be satisfied with (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the prescribed schedule, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

### **I. OFFENSE CONDUCT**

The defendant has been charged by indictment with one count of mailing a threatening communication, in violation of Title 18, United States Code, Section 876(c). The United States agrees with the description of the offense conduct set forth in paragraphs 8 through 14 of the

1

Presentence Report.

## II. GUIDELINES CALCULATION

The United States agrees with the Guidelines calculation in the Presentence Report. The defendant has a total offense level of 10, which is in Zone B.

## III. CRIMINAL HISTORY

The United States agrees with the Criminal History calculation in the Presentence Report. The defendant has a criminal history score of 0 and a Criminal History Category of I.

## IV. SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The defendant stands convicted of mailing a threatening communication. The sentence imposed in this action should adequately reflect the seriousness of the offense and the characteristics of the defendant, promote respect for the law, and provide just punishment for the offense. For the reasons that follow, the United States respectfully requests that the Court impose a fine of $4,000 and a sentence at the low end of the applicable Guidelines range. The United States leaves to the Court's discretion whether the sentence should be served as (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the prescribed schedule, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

The circumstances of the offense justify a sentence at the low end of the Guidelines range. The defendant mailed a threat that was written so that it would seem plausible. The defendant sent this threat to a victim who was already in fear for his life. The defendant did this in an attempt to "frame" another victim. However, to the extent the motivation of framing another person is an aggravating factor, the defendant's attempt was not very intricate or likely to lead to anything more than a brief visit to the neighbor by law enforcement. Moreover, it is clear the defendant had no intent to act on the threat.

The history and characteristics of the defendant justify a sentence at the low end of the Guidelines range. The defendant is 72 years old. He has no prior convictions or arrests. The

defendant surrendered his firearms to law enforcement, voluntarily, before he was even charged in this case.

A sentence at the low end of the Guidelines range will protect the public from future crimes of the defendant. The defendant's age and lack of criminal history make him a low risk of recidivism. Thus far, there has been every indication that the defendant understands the gravity of the situation and his criminal conviction will deter him from future criminal conduct.

A sentence at the low end of the applicable Guidelines range would properly reflect the characteristics of the defendant and the offense, and provide just punishment.

## V.  CONCLUSION

For the reasons set forth herein, the United States respectfully requests that the Court apply the Sentencing Guidelines, follow the statutory directives set out in 18 U.S.C. § 3553(a), and follow the government's recommendation, by imposing a fine of $4,000 and a sentence at the low end of the applicable Guidelines range, to be served as (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the prescribed schedule, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Amanda E. Gregory*
Amanda E. Gregory
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5016
FAX: (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to defense counsel.

s/ *Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney